UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DILCIA REYES-VALLE,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

    Defendant.

No.  1:16-CV-03005-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 15, 17.  Plaintiff Dilcia Reyes-Valle brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C §§ 401-434, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F.  After reviewing the administrative record and briefs filed by the parties, the Court is now

fully informed.  For the reasons set forth below, the Court GRANTS Ms. Reyes-Valle's Motion for Summary Judgment and REMANDS for payment of benefits.

## I.    Jurisdiction

Ms. Reyes-Valle filed an application for Disability Insurance Benefits on December 2, 2011, AR 236, and an application for Supplemental Security Income on May 7, 2012, AR 30, alleging onset of disability on November 16, 2011. AR 236.  The applications were denied on January 4, 2012, and March 26, 2012, AR 97-107, and on reconsideration on June 8, 2012, AR 112-124.  On May 13, 2013, Administrative Law Judge ("ALJ") Laura Valente held a video hearing.  AR 45-68.  On September 26, 2013, ALJ Valente issued a decision finding Ms. Reyes-Valle ineligible for benefits.  AR 30-39.  The Appeals Council denied Ms. Reyes-Valle's request for review on April 28, 2015, AR 16-18, making the ALJ's ruling the "final decision" of the Commissioner.  Ms. Reyes-Valle timely filed the present action challenging the denial of benefits, and accordingly, her claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§ 404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe impairment is one that has lasted or is expected to last for at least twelve months,

1  and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1508-09 &

2  416.908-09.  If the claimant does not have a severe impairment, or combination of

3  impairments, the disability claim is denied, and no further evaluative steps are

4  required.  Otherwise, the evaluation proceeds to the third step.

5        Step three involves a determination of whether any of the claimant's severe

6  impairments "meets or equals" one of the listed impairments acknowledged by the

7  Commissioner to be sufficiently severe as to preclude substantial gainful activity.

8  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926;

9  20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or

10  equals one of the listed impairments, the claimant is *per se* disabled and qualifies

11  for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to

12  the fourth step.

13        Step four examines whether the claimant's residual functional capacity

14  enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f)

15  & 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant

16  is not entitled to disability benefits and the inquiry ends.  *Id.*

17        Step five shifts the burden to the Commissioner to prove that the claimant is

18  able to perform other work in the national economy, taking into account the

19  claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

20  404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this

1  burden, the Commissioner must establish that (1) the claimant is capable of

2  performing other work; and (2) such work exists in "significant numbers in the

3  national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

4  676 F.3d 1203, 1206 (9th Cir. 2012).

5                         **III.    Standard of Review**

6          A district court's review of a final decision of the Commissioner is governed

7  by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

8  Commissioner's decision will be disturbed "only if it is not supported by

9  substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1144,

10  1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

11  a mere scintilla but less than a preponderance; it is such relevant evidence as a

12  reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

13  *Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d

14  1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

15  whether the Commissioner's findings are supported by substantial evidence, "a

16  reviewing court must consider the entire record as a whole and may not affirm

17  simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc.*

18  *Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

19  F.2d 498, 501 (9th Cir. 1989)).

20

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.   Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Ms. Reyes-Valle was 50 years old on her alleged onset date. AR 29. Ms. Reyes-Valle has four years of education, all of which was in Mexico, her native country. AR 56-58. Ms. Reyes-Valle's primary language is Spanish, and she required a translator for her hearing. AR 47, 56. She understands English, but she has limited speaking, reading, and writing

skills. AR 56-57. Ms. Reyes-Valle has previously been employed as a home

attendant, fish cleaner, fruit inspector, agricultural produce sorter, and agricultural

produce packer. AR 37. Ms. Reyes-Valle has a history of diabetes, obesity, urinary

tract infections, and depression. AR 867. She was involved in a car accident that

injured her left shoulder. AR 59.

## V.    The ALJ's Findings

The ALJ determined that Ms. Reyes-Valle was not disabled under the Social

Security Act and denied her application for benefits.  AR 30-39.

**At step one**, the ALJ found that Ms. Reyes-Valle had not engaged in

substantial gainful activity since her alleged onset date of November 16, 2011

(citing 20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).  AR 32.

**At step two**, the ALJ found Ms. Reyes-Valle had the following severe

impairments: diabetes mellitus and obesity (citing 20 C.F.R. §§ 404.1520(c) &

416.920(c)).  AR 32-33.

**At step three**, the ALJ found that Ms. Reyes-Valle did not have an

impairment or combination of impairments that meets or medically equals the

severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1

(citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, &

416.926).  AR 33.

**At step four**, the ALJ found that Ms. Reyes-Valle could perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could only sit for an hour at a time before changing positions at the work station; continue sitting in this manner fox six hours in an eight-hour workday; stand or walk for four hours in an eight-hour workday; occasionally stoop, crouch, or crawl; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; frequently perform fine fingering and gross handling with her left upper extremity; occasionally reach overhead with her left upper extremity; avoid concentrated exposure to extreme cold and heat; and avoid all exposure to dangerous moving machinery and heights. AR 33-37.

The ALJ found that Ms. Reyes-Valle was unable to perform any past relevant work as a home attendant, fish cleaner, fruit inspector, agricultural produce sorter, and agricultural produce packer. AR 37.

**At step five**, the ALJ found that, considering her age, education, work experience, residual functional capacity, and acquired work skills from past relevant work, in conjunction with the Medical-Vocational Guidelines and the testimony of a vocational expert, there are jobs that exist in significant numbers in the national economy that Ms. Reyes-Valle can perform, including semiconductor bonder, hand packager, and information clerk. AR 37-38.

//

## VI.    Issues for Review

Ms. Reyes-Valle argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence.  Specifically, she argues the ALJ erred by: (1) improperly weighing the medical opinion evidence of her treating physician, Dr. Rosa Martinez; (2) improperly rejecting Ms. Reyes-Valle's subjective symptom testimony; and (3) determining that Ms. Reyes-Valle was able to perform light work because due to her age, she should have been found disabled under the Social Security grid rules. ECF No. 15 at 1.

## VII.    Analysis

### A. The ALJ improperly rejected the opinion of treating physician Dr. Rosa Martinez.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not

1  be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a

2  treating or examining provider's opinion is contradicted, it may only be discounted

3  for "specific and legitimate reasons that are supported by substantial evidence in

4  the record." *Id*. at 830-31.

5      The ALJ may meet the specific and legitimate standard by "setting out a

6  detailed and thorough summary of the facts and conflicting clinical evidence,

7  stating [his or her] interpretation thereof, and making findings." *Magallanes v.*

8  *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When

9  rejecting a treating provider's opinion on a psychological impairment, the ALJ

10  must offer more than his or her own conclusions and explain why he or she, as

11  opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th

12  Cir. 1988).

13      Dr. Martinez opined in May 2013 that Ms. Reyes-Valle's prognosis was fair,

14  but she was limited to sitting and standing less than two hours in an eight-hour

15  workday, needed to elevate her legs, would be off-task at least twenty-five percent

16  of the workday, would miss more than four days of work per month, and was

17  incapable of low-stress work due to her depression.  AR 867-74. Additionally, Dr.

18  Martinez limited Ms. Reyes-Valle to lifting less than ten pounds only occasionally

19  and noted significant limitations in postural positions and reaching with the left

20  upper extremity. *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 10**

1    The record demonstrates that Dr. Martinez treated Ms. Reyes-Valle from

2    July 2010 until September 2012, AR 288, and as a treating physician, Dr.

3    Martinez's opinions are entitled to the highest level of deference. Despite this, the

4    ALJ gave no weight to Dr. Martinez's May 2013 opinion. AR 37. The ALJ

5    rationalized that this form was insufficient because it provided "minimal narrative

6    support" and that Dr. Martinez did not indicate that she was qualified to give an

7    opinion on Ms. Reyes-Valle's mental impairments. *Id.* Further, ALJ Valente

8    stated that clinical findings do not support Dr. Martinez's opinion, and that the

9    treatment relationship was "remote." *Id.* The ALJ committed reversible error for

10   the reasons stated below.

11       First, an ALJ may take the relationship between patient and doctor into

12   account, including length and frequency of treatment. 20 C.F.R. §§

13   404.1527(c)(2)(i) & 416.927(c)(2)(i). In this case, however, the record does not

14   support the assertion that the treatment relationship was remote. Dr. Martinez

15   regularly treated Ms. Reyes-Valle for over two years, every four to twelve weeks.

16   AR 288, 867. The form was completed within that schedule, as less than twelve

17   months had elapsed since the last visit of record. *See id.*

18       Moreover, while Dr. Martinez does not provide a written explanation for

19   each of her responses on the form, her experience as a treating physician for a

20   period of over two years makes her qualified to make assessments. *See Garrison v.*

*Colvin*, 759 F.3d 995, 1014 n. 17 (9th Cir. 2014) (a checkbox format is acceptable when it reflects the record created in the course of a treatment relationship). The record as a whole also supports Dr. Martinez's opinion. Contrary to the ALJ's reflection that the "only clinical findings in support of the limitations provided by Dr. Martinez are regarding the claimant's obesity and abdominal pain," AR 37, the record shows that Dr. Martinez treated Ms. Reyes-Valle for a variety of issues, AR 752-786. For instance, references to urinary tract/bladder disorders/infections are found numerous places in the record, yet the ALJ incorrectly does not recognize urinary tract illness as supported by clinical findings.[1] AR 81, 90, 392, 394, 532, 535, 657, 659, 666, 738, 741, 742, 743, 750, 806, 834, 841.

Significantly, the ALJ entirely ignored any mental impairments. The Commissioner concedes that the ALJ erred by rejecting Dr. Martinez's opinion regarding Ms. Reyes-Valle's mental impairments on the grounds of qualification. ECF No. 17 at 5. Dr. Martinez is a licensed medical doctor, and by virtue of her training and expertise, she has the ability to make that finding. Contrary to the Commissioner's assertion, however, failure to even consider her mental health diagnosis was not harmless error. *See id.* Because of this total rejection, the limitations set forth by Dr. Martinez were not properly considered at any step. Ms.

---

[1] The ALJ should have found urinary tract issues to be a serious impairment, but this challenge was not raised. Further, the ALJ also improperly challenged Ms. Reyes-Valle's credibility by asserting there was no evidence of urinary tract infections/disorders, clearly contradictory to the record.

1  Reyes-Valle's mental impairments were not even considered in her residual

2  functional capacity.[2] AR 33 (finding no diagnosis of depression).

3       At the time she prepared this form, Dr. Martinez had a broad picture of her

4  patient because of her long-term treatment of Ms. Reyes-Valle, and it was that

5  broad picture from which Dr. Martinez drew her conclusions.  By rejecting Dr.

6  Martinez's treating physician opinion, the ALJ committed reversible error.

7    **B. When the limitations proposed by Dr. Martinez are accepted as true,**

8       **the record demonstrates Ms. Reyes-Valle is disabled.**

9  "Where the Commissioner fails to provide adequate reasons for rejecting the

10  opinion of a treating or examining physician, we credit that opinion 'as a matter of

11  law.'"  *Lester*, 81 F.3d at 834 (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th

12  Cir. 1989)).  This is also known as the "credit-as-true" rule and requires that: (1)

13  the record is fully developed and no further administrative proceedings would be

14  useful; (2) the ALJ failed to provide legally sufficient reasons for rejecting the

15  evidence; and (3) if the improperly discredited evidence were credited as true, the

16  ALJ would be required to find disability on remand. *Garrison v. Colvin*, 759 F.3d

17  995, 1020 (9th Cir. 2014). Further, the Ninth Circuit has indicated that it could be

18  an abuse of discretion for a district court *not* to remand when all of these

19

20  _____

[2] Despite the failure in calculating the residual functional capacity, remand
for further proceedings is unnecessary for the reasons set forth in Section B
of this analysis.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 13**

conditions are met unless the record as a whole seriously calls into doubt that the claimant is disabled. *Id.*; *see also, e.g., McCartey v. Massanari*, 298 F.3d 1072, 1706-77 (9th Cir. 2002); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007).

In *Garrison*, a vocational expert testified that based on the limitations set forth in the improperly discredited evidence, the claimant could not work. *Garrison*, 759 F.3d at 1022. That is also what happened in the instant case. Dr. Martinez opined that Ms. Reyes-Valle would need to elevate her legs throughout the day, would be off-task at least twenty-five percent of the day, and would miss at least four days per month on average due to her impairments. AR 867-874. Vocational expert Kimberly Mullinax testified that these limitations would preclude gainful employment. AR 65-67. With credit of this testimony, the ALJ would be required to find disability on remand. *See Garrison*, 759 F.3d at 1020. Furthermore, the Court has fully reviewed the record and does not find serious doubt of Ms. Reyes-Valle's disability. *Id.*

The Court need not analyze other allegations of error asserted by Ms. Reyes-Valle,[3] in particular, Ms. Reyes-Valle's credibility assessment. As explained in this Order, the medical record and Dr. Martinez's history and expertise support her medical opinion. This would not change regardless of Ms. Reyes-Valle's

---

[3] Because remand is already appropriate based on vocational expert testimony, the issue of the Grids also need not be reached.

credibility, and the ALJ does not allege that Dr. Martinez formed her opinion to any significant degree from Ms. Reyes-Valle's subjective complaints. No purpose would be served by remanding for further proceedings. Thus, the appropriate remedy is to remand for immediate payment of benefits.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of legal error. Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED.**

2.  Defendant's Motion for Summary Judgment, **ECF No. 17,** is **DENIED.**

3. **Judgment shall be entered for Plaintiff** and against Defendant.

4. This matter is **REMANDED** for payment of benefits.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **CLOSE the file**.

**DATED** this 22nd day of December, 2016.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 15